## In re Public Road in Dallas Township

Before Flannery, Lewis and Pinola, JJ.

*Patrick J. O'Connor*, for petitioners.

*Frank Townend*, for Dallas Township Supervisors.

FLANNERY, J., July 10, 1950.—A petition was filed on October 5, 1949, on behalf of certain residents of Dallas Township to vacate a portion of a public road lying in that municipality and the court thereupon appointed a board of view. Petitioners had not theretofore presented any petition to the Township Supervisors of Dallas Township in relation to the proposed matter,

The board of view proceeded to act under the appointment and a hearing was had at which the township supervisors appeared with their solicitor and offered testimony. Subsequently, at a time fixed by the board for hearing arguments of counsel, the solicitor for the supervisors raised the question of jurisdiction and shortly thereafter obtained a rule to show cause why the proceedings should not be dismissed. The determination of that rule is now before us.

It is the contention of the supervisors that the General Road Law of 1836 under which these proceedings were brought has been repealed by the Second Class Township Code of July 10, 1947, P. L. 1481, and its amendment of May 2, 1949, P. L. 819, and that, as there provided, a petition for the vacation of a road must be presented to the township supervisors before it can be presented to the court.

It is the contention of original petitioners that the General Road Law of June 13, 1836, is not repealed either specifically or by necessary implication and affords a remedy available concurrently with that provided in the Second Class Township Code.

Until 1947 the only proper method for the vacation of a township road was in accordance with the General Road Law of 1836, P. L. 551, 36 PS §1981. By the Act of July 10, 1947, P. L. 1481, the law as applied to second class townships was recodified and there was incorporated in that enactment the provision, section 1101, that;

"The Township Supervisors may . . . vacate . . . all roads and parts thereof which are wholly within the Township, upon the petition of a majority in interest of the owners of property or properties through whose land such road passes, or upon whose land it abuts, or without petition of the owners of abutting property, if in the judgment of the Supervisors, it is necessary for the public convenience."

With the passage of this act we are satisfied that there was provided an additional procedure by which roads in second class townships might be vacated, etc., which in nowise affected the General Road law and both proceedings were therefore available concurrently: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58 (7), 46 PS §558.

But the legislature amended the code in 1949, P. L. 819, and by section 1 of the amendment there was added to section 1101 of the code this provision:

"When any petition is presented to the Township supervisors under the provisions of this section and the supervisors fail to act on the petition within sixty (60) days, the petitioners may present their petition to the Court of Quarter Sessions which shall proceed thereon as provided by the general road law."

Also by section 2 of that amendment there was added to section 1102 of the code this provision:

"(f) . . . All petitions shall be acted on within sixty (60) days after the hearing thereon. . . . If the prayer of the petition is refused, the petitioners, or a majority of them, may, within thirty days after receipt of the notice, petition the Court of Quarter Sessions for the appointment of viewers and proceedings shall be had thereon in accordance with the general road law."

It would seem from these provisions that the legislature intended to supplant the general road law with a remedy that was complete and exclusive. However, if there was nothing further in the amendment there would be room for doubt and it might be inferred that the legislature intended both procedures to operate concurrently. But there is something further in the act and we are satisfied that the additional section must resolve our doubt and clearly demonstrate that the intention and purpose of the legislation was to set up a new procedure.

Section 3 of the Act of May 2, 1949, supra, provides:

"Whenever heretofore and subsequent to the first day of July, one thousand nine hundred forty seven, any township road has been surveyed, laid out, opened, widened, straightened, vacated or relayed in accordance with the general road law, the same is hereby declared to be valid and proper to all intents and purposes."

It stands to reason that unless the former procedure was now invalid it would not be necessary for the legislature to validate proceedings under it as provided in this section. It should be noted that the language used, to wit, "heretofore and subsequent to the first day of July one thousand nine hundred and forty seven" could conceivably apply to such proceedings as those before us. These are "subsequent" to that date, having been started on October 5, 1949. But, to construe the wording so would be to strain the language beyond its reasonable intent. Were such the design of the legislature, it could be accomplished by a simple statement that the general road law would remain in full force and effect. This was not done and we can only conclude that the words "subsequent to the first day of July one thousand nine hundred forty seven" were intended to mean the period of time which ran from that date to the date of the amendment, to wit, May 2, 1949, when the intention of the legislature was clearly and finally expressed as we now interpret it.

What we have said is not to be construed as holding the General Road Law of June 13, 1836, repealed for all purposes but it is to be construed as holding the General Road Law repealed as to Second Class Townships. From all of the circumstances we can come to no other conclusion.

Wherefore, now, July 10, 1950, the rule is made absolute, the original petition for the appointment of viewers is dismissed and the order heretofore made appointing a board of view is vacated.